UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCISCO JAVIER BETANCOURT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 97-2239 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Francisco Javier Betancourt ("Petitioner") to reopen, pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6), his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Petitioner's motion is denied.

**I. BACKGROUND**

On September 18, 1988, a jury found Petitioner guilty of conspiracy and possession of cocaine with the intent to distribute. On November 7, 1988, Petitioner was sentenced to 300 months imprisonment. On November 8, 1989, the Third Circuit affirmed the judgment of conviction. On October 26, 1990 and March 4, 1991, Petitioner filed motions under Section 2255, and this Court denied those motions in Orders dated February 20, 1991 and March 10, 1992, respectively.

On April 22, 1997, Petitioner allegedly delivered to prison officials a motion to vacate his

conviction and sentence under Section 2255, which was filed on April 28, 1997.  Petitioner filed a brief in support of his motion on June 11, 1997.  On September 11, 1997, this Court denied the motion as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, Tit. I, 110 Stat. 1217 ("AEDPA"), effective April 24, 1996.  The AEDPA imposes a one-year statute of limitations on Section 2255 petitions and granted a grace period extending until April 23, 1997 for petitioners who otherwise would have been barred from filing Section 2255 petitions.  This Court held that Petitioner's request for relief was untimely because the "mailbox rule," under which a petitioner's notice of appeal is deemed filed once it has been delivered to prison officials for mailing, is inapplicable to Petitioner's motion, see Houston v. Lack, 487 U.S. 266, 276 (1988), and Petitioner's request was otherwise untimely.  See Burns v. Morton, 970 F. Supp. 373, 376-77 (D.N.J. 1997).  In a footnote, this Court stated that, in the alternative, dismissal of Petitioner's request was warranted because he did not obtain certification from the Third Circuit before filing his third petition which constituted an abuse of the writ.

       The Third Circuit later reversed the district court decision in Burns and held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court" and extended that holding to the filing of motions under Section 2255.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  On August 17, 1999, the Third Circuit denied Petitioner's request for a certificate of appealability.  On December 27, 2005, Petition filed the instant motion to reopen the case pursuant to Rule 60(b)(4) and (6).

**II. DISCUSSION**

Petitioner seeks to reopen the case to adjudicate the merits of the claims in his Section 2255 motion following the Third Circuit's decision in <u>Burns</u>, <u>supra</u>. The United States argues that Petitioner's motion is untimely because the Rule explicitly calls for the motions to be made "within a reasonable time." Fed. R. Civ. P. 60. Although Petitioner cites Fourth Circuit authority finding Rule 60(b)(4) and (6) to be not subject to the reasonable time requirements, this Court finds that a plain reading of the Rule indicates that all subsections are subject to the reasonable time requirement, with subsections (1) through (3) subject to a more stringent one-year time limit. This reading is in accord with Third Circuit jurisprudence. <u>See</u>, <u>e.g.</u> <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 n.3 (3d Cir. 2003). The Court will, however, address the merits of Petitioner's motion.

Petitioner bases his motion upon the Supreme Court's decision in <u>Gonzalez v. Crosby</u>, — U.S. —, 125 S. Ct. 2641 (2005).[1] However, the Court noted that relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances," which are not present simply by virtue of the Court's "change in the interpretation of the AEDPA statute of limitations . . . ." <u>Id.</u> at 2650. Furthermore, the Court stated that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." <u>Id.</u> (footnote omitted). The Third Circuit has similarly found that "intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." <u>Reform Party of Allegheny County v. Allegheny County Dep't of Elections</u>, 174 F.3d

---

[1] To the extent that Petitioner's moving brief focuses on the "abuse of the writ" language, the Court notes that such language was merely stated as an alternative rationale for dismissal of his last petition. The primary rationale was the untimely filing of the motion.

305, 311 (3d Cir. 1999)(quoting <u>Agostini v. Felton</u>, 521 U.S. 203, 239 (1997)).  Thus, the Third Circuit's reversal of <u>Burns</u> resulting in the applicability of the "mailbox rule" to Section 2255 petitions is insufficient grounds for the motion.

Petitioner's claim under Rule 60(b)(4) is similarly without sufficient basis.  That subsection permits relief "from a final judgment, order or proceeding [where] . . . the judgment is void . . . ."  Fed. R. Civ. P. 60(b)(4).  However, the judgment at issue was based upon Third Circuit authority at the time it was entered.  A subsequent appellate decision in another case does not render the judgment against Petitioner void.  A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  <u>Schwartz v. United States</u>, 976 F.2d 213, 217 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 919 (1993)(quoting 11 Wright and Miller, Federal Practice and Procedure: Civil § 2862 at 198-200 (1973)).  Although Petitioner argues in his reply that the judgment violated due process in departing from the authority of <u>Houston</u>, <u>supra</u>, this Court's Order specifically noted the narrow interpretation of the "mailbox rule" that then existed.  It was not until the Third Circuit's opinion in <u>Burns</u>, <u>supra</u>, that the "mailbox rule" was extended to petitions filed under Section 2255.  Consequently, this Court's decision did not violate due process and is not void.

Therefore, Petitioner's motion to reopen, pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6), his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's motion to reopen the case is denied and the matter shall be marked closed.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: March 3, 2006

  s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
