UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCISCO JAVIER BETANCOURT, : | |
| : | Civ. No. 97-2239 (GEB) |
| Petitioner, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the request of Francisco Javier Betancourt ("Petitioner") for a certificate of appealability, pursuant to 28 U.S.C. § 2253. For the reasons set forth below, Petitioner's request is denied.

**I. BACKGROUND**

On September 18, 1988, a jury found Petitioner guilty of conspiracy and possession of cocaine with the intent to distribute. On November 7, 1988, Petitioner was sentenced to 300 months imprisonment. On November 8, 1989, the Third Circuit affirmed the judgment of conviction. On October 26, 1990, and March 4, 1991, Petitioner erroneously filed transcript requests on Section 2255 forms, and this Court denied those motions in Orders dated February 20, 1991, and March 10, 1992, respectively.

On April 22, 1997, Petitioner allegedly delivered to prison officials a motion to vacate his conviction and sentence under Section 2255, which was filed on April 28, 1997. Petitioner filed a brief in support of his motion on June 11, 1997. On September 11, 1997, this Court denied the

motion as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, Tit. I, 110 Stat. 1217, effective April 24, 1996. On August 17, 1999, the Third Circuit denied Petitioner's request for a certificate of appealability. On December 27, 2005, Petitioner filed a motion with this Court to reopen the case pursuant to Rule 60(b)(4) and (6). On March 3, 2006, the Court entered a Memorandum Opinion and Order denying Petitioner's motion to reopen the case. On or about March 30, 2006, Petitioner filed a notice of appeal of this Court's March 3, 2006, Opinion and Order. On or about April 6, 2006, Petitioner filed the instant request for a certificate of appealability.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. The Court may issue a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's request for a certificate of appealability is based on this Court's alleged due

process violation in failing to adhere to Supreme Court precedent in initially denying Petitioner's 2255 petition on procedural grounds.  However, as stated in this Court's March 3, 2006, Memorandum Opinion denying Petitioner's motion to reopen the case, the "mailbox rule" for petitions under Section 2254 enunciated by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), was not held applicable to petitions under Section 2255 until the Third Circuit's decision in Burns v. Morton, 134 F.3d 109 (3d Cir. 1998).  Therefore, at the time of this Court's consideration of Petitioner's 2255 petition, it was correctly dismissed for being untimely.  Thereafter, Petitioner's motion to reopen the case was properly dismissed on its merits for failure to meet the standards of Federal Rules of Civil Procedure 60(b)(4) and (6).  Thus, Petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's request for a certificate of appealability is denied. An appropriate form of order accompanies this Memorandum Opinion.

Dated: May 31, 2006

                                                    s/ Garrett E. Brown, Jr.  
                                                  GARRETT E. BROWN, JR., U.S.D.J.